STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Anne C. Rose Revocable Trust Building Permit | } | Docket No. 290-12-07 Vtec |
| (Appeal of Blood, <u>et</u> <u>al</u>.) | } | |
| | } | |

<u>Decision and Order on Motions to Dismiss</u>

The following group of twenty-four individuals: Stuart Blood, Lilian Shen, Michael S. Zens, Christina M. Robinson, Sally Duston Whitlock, Dean Whitlock, Ben Bradley, Nicolette Corrao, Barbara J. DeFelice, Christopher G. Levey, Ehrhard Frost, Brenda Courtemanche, Robert J. Pulaski, Cyrus Severance, Linda Matteson, James W. Masland, Mary Daly, Frank J. Barrett, Jr., Roberta Traub, Carol Penland, Bob Milanese, Fran Peront, Richard Hodge, and Adair Mulligan, filed a Notice of Appeal asserting standing under 24 V.S.A. § 4465(b)(4), appealing from a December 1, 2007 decision of the Development Review Board (DRB) of the Town of Thetford which upheld the Zoning Administrator's issuance of a building permit to Appellee-Applicant the Anne C. Rose Revocable Trust.

Appellants are represented by Paul S. Gillies, Esq. and Charles L. Merriman, Esq.; Appellee-Applicant is represented by C. Daniel Hershenson, Esq.; Interested Parties Jake Guest and Elizabeth Guest have entered their appearance and represent themselves; the Town of Thetford has also entered its appearance on its own behalf and is participating in this appeal through Michael J. Brown, the Chair of the Selectboard. This matter is set for trial on August 22, 2008.

Applicant has moved to dismiss both questions in Appellants' Statement of Questions, and therefore to dismiss the appeal. The two questions are stated as: "(1) [w]hether the [zoning] permit is inconsistent with condition 14(k) of the conditional use

1

[approval] issued February 28, 2006, with respect to the distance between the septic system and the Connecticut River; and (2) [w]hether the building permit is inconsistent with conditions [14](i) and (j) of the conditional use [approval] relating to the design of water supply systems and septic systems to minimize or prevent the infiltration of flood waters into the water system[,] septic systems and discharges into the flood waters." Applicant has also moved to dismiss Appellants Frank Barrett, Jr., Mary Daly, Richard Hodge, Robert Milanese, Fran Peront, and Roberta Traub as parties, for lack of standing under 24 V.S.A. § 4465(b)(3).

Under V.R.C.P. 12(b), the motion to dismiss the Statement of Questions should be treated as a motion for summary judgment, as factual material is provided by affidavit. However, neither party has briefed the motions as motions for summary judgment; therefore they must be given the opportunity to present all material made pertinent to such a motion by Rule 56. V.R.C.P. 12 (b), final sentence. In light of the limited time available before the trial scheduled in this matter for August 22, 2008, the Court has scheduled a telephone conference (see enclosed notice) to discuss how best to proceed. The following facts are undisputed unless otherwise noted.

Applicant owns a 10.1-acre parcel of land on Ely Road adjacent to the Connecticut River, in the Rural Residential zoning district and in a Flood Hazard Area overlay district. No point on the property is more than 700 feet from the River, if measured perpendicularly to the River at its closest point.

Conditional use approval is required for any new construction in the Flood Hazard Area. Accordingly, Applicant filed application #3406 to construct a single family residence on the property; the application was referred to the ZBA for conditional use approval. The ZBA hearings on the application were held on September 13, 2005, October 11, 2005, and December 13, 2005. A plot plan for placement of a house and wastewater system, prepared for the property by Michael Whipple, a certified site technician, is dated September 13,

2005, and may have been the proposal presented at the first day of hearing.

During the ZBA hearings Applicant proposed to change the location of the proposed septic system and building envelope. Applicant's then-attorney submitted a sketch that showed the septic system and the building envelope as having been moved to the northwest corner of the property, to maximize its distance from the river. The parties have not provided a copy of the sketch plan presented at the hearing by Attorney Hotchkiss. On February 28, 2006, the ZBA granted conditional use approval, subject to conditions numbered (a) through (m) in paragraph 14 of its decision. The February 2006 ZBA Decision was not appealed and became final.

Condition 14(a) of the February 2006 ZBA Decision limited the construction of structures to a two-acre development envelope "as shown on the plan submitted" at the hearings by Applicant's then-attorney and provided that "any additional construction will require the approval" of the ZBA.

The project engineer prepared a site plan depicting the project as approved by the ZBA, showing the two-acre development envelope in the northwestern portion of the parcel, and depicting the septic system in the most northwesterly corner of the property, between the road and the proposed location of the house and garage. The engineer's affidavit reflects that the site plan dated July 26, 2007,[1] was prepared from the sketch plan drawn at the hearing.

The reduced-size copy of the Otterman July 26, 2007 topographic survey attached to Appellants' May 7, 2008 memorandum depicts the two-acre building envelope area in the

---

[1] All references to this plan refer to it as having been dated July 26, 2007, and this decision uses that date. We note that a reduced-size copy of what is presumably one sheet of this plan, attached to Appellants' May 7, 2008 memorandum, shows its preparation date as July 25, 2007, but contains a stamp that it was received by the ANR's Wastewater Management Division on July 26, 2007. This stamp appears to be the source of the date referred to.

3

northwestern corner of the 10.1 acre parcel. The proposed septic system is depicted at the northwestern corner of the two-acre building envelope, as far from the River as possible on the property. By scale from that copy of the plan, the distance of the septic system from the River is approximately 900 feet when measured parallel to the northerly boundary of Applicant's property, but is only approximately 560 feet from the River when measured at its closest point, that is, perpendicular to the River.

Condition 14(i) of the February 2006 ZBA Decision required in full that "[a]ll new and replacement water supply systems shall be designed so as to minimize or prevent the infiltration of flood waters into the system."

Condition 14(j) of the February 2006 ZBA Decision required in full that "[a]ll new and replacement septic systems shall be designed to minimize or prevent infiltration of flood waters into the systems and discharges from the systems into flood waters."

Condition 14(k) of the February 2006 ZBA Decision required in full that "[t]he septic system shall be located <u>as shown on the plat plan</u> at least 700' from the Connecticut River, [and] shall be located to avoid impairment to [the septic system] or contamination from [the septic system] during flooding" and that "[a]dditional protection for sealing the top of the [septic] tank[,] where the openings are located[,] shall be applied." (Emphasis added.)

On August 9, 2007, Applicant received Wastewater System and Potable Water Supply Permit # WW-3-9965 (the ANR Permit) from the Agency of Natural Resources. Condition 1.1 of the ANR Permit required that:

> [t]he project must be completed as described on the plans and/or documents prepared by Tom Otterman, listed as follows:
> Overall Site Plan, dated 7/26/07
> Topographic Survey, dated 7/26/07
> Construction Standards and Details, dated 12/11/03
> and which have been stamped "APPROVED" by the Wastewater Management Division.

4

In September of 2007, Applicant applied for a zoning permit[2] in order to construct the proposed residence and associated facilities. The Zoning Administrator approved the application, stating as his decision: "[a]pplication per decision (2-28-06) of permit application #3406; must comply with requirements of said decision and location shown on Otterman 7-26-07 topographic survey." Appellants (and others) appealed the zoning permit to the DRB by filing a petition with the DRB, claiming party status only under 24 V.S.A. § 4465(b)(4), and designating Stuart Blood to serve as their spokesperson.

On October 23, 2007, the DRB held a hearing on the appeal, at which it voted two-to-one to uphold the Zoning Administrator's issuance of the zoning permit. Although Appellants' memorandum filed on May 7, 2008 alludes to the fact that the DRB is composed of five members, and therefore questions whether a vote of less than a majority constitutes a decision of the DRB, that issue has not been raised in the Statement of Questions and is not before the Court in this appeal. Moreover, neither party has provided a copy of the December 1, 2007 written DRB decision from which this appeal was taken.

Appellants appealed the DRB decision to this Court, claiming party status only under 24 V.S.A. § 4465(b)(4), designating Stuart Blood to serve as their spokesperson and attaching a copy of the petition that had been filed with the DRB. After obtaining counsel, six of the appellants claimed party status as individuals under 24 V.S.A. § 4465(b)(3); they filed a document entitled "PETITION" with the Court and designated Mary Daly to serve as their "spokesperson." They stated that they adopted the statement of questions already presented by the 4465(b)(4) group of appellants. The document did not state the interests they claimed to be affected under § 4465(b)(3).

---

2 The form refers to it as a "zoning" permit, therefore and this decision will refer to it throughout as a "zoning" permit, despite the parties' references to it as a "building" permit.

Motion to Dismiss Both Questions in the Statement of Questions

To the extent that both questions in the Statement of Questions raise issues as to whether the zoning permit is inconsistent with the February 2006 ZBA Conditional Use Approval Decision, they appear to be appropriate questions and not subject to dismissal; however, they also appear to be entirely suitable for resolution by summary judgment.

Applicant is correct that the February 2006 ZBA Decision became final without appeal and cannot be challenged in the present appeal, either directly or indirectly. 24 V.S.A. § 4472(d). To the extent that that decision may be argued to contain a potential internal inconsistency regarding the measurement method for the distance from the River, that issue is not before the Court in the present proceeding.

Similarly, the ANR Wastewater and Potable Water Supply Permit issued in August of 2007 has not been appealed to this Court. If there were a discrepancy between the ANR Permit and the 2006 ZBA Conditional Use Approval Decision, Applicant might have to apply to one of those bodies to amend its approval before Applicant could begin construction of its project. Nevertheless, no such discrepancy is before the Court in the present proceeding.

All that is before the Court in the present appeal is the Zoning Administrator's issuance of the zoning permit. The zoning permit by its terms requires compliance with all the "requirements of" the 2006 ZBA Conditional Use Approval Decision (#3406), as well as with "the location [shown] on the Otterman 7-26-07 topographic survey." Thus both questions in the Statement of Questions could be answered on summary judgment (that the zoning permit is by its terms consistent with all the conditions of the 2006 ZBA Conditional Use Approval Decision), but if and only if the location shown on the July 26, 2007 Otterman topographic survey is the same location as that referenced in the 2006 ZBA Conditional Use Approval Decision as the location "shown on the plan submitted" at the hearings by Applicant's then-attorney.

The Court cannot determine from the materials submitted in connection with the pending motions whether this is a disputed material fact. Applicant's engineer's affidavit is unopposed that the July 26, 2007 Otterman topographic survey was prepared from the sketch plan submitted at the hearing. Applicant's engineer's affidavit is also unopposed that the 700-foot distance referenced in Condition 14(k) was intended by the ZBA to be measured along the northern boundary of Applicant's property. The parties should be prepared to discuss at the telephone conference whether the parties wish to present the remaining merits of this matter by summary judgment, or whether the scheduled hearing is necessary to take evidence on this or any other remaining material fact.

Motion to Dismiss Parties

Before addressing the party status of those claiming individual appellant status in this appeal, it is important to note that the present case is not an action under 24 V.S.A. § 4470(b) to enforce the terms of the February 2006 ZBA Decision, in which the requirements for standing may be different than in an appeal. See, e.g., Riverview Mews, LLC v. Richard Electric, Inc., et al., Docket No. 251-11-07 Vtec (Vt. Envtl. Ct. April 7, 2008).

In the present case all of the individuals in the group of appellants originally signed a petition before the DRB claiming party status under 24 V.S.A. § 4465(b)(4),[3] alleging that

---

[3] From the checked-off boxes in the "status" column of the petitions, it appears that the following individuals are voters and/or landowners in Thetford: Stuart Blood, Lilian Shen, Michael S. Zens, Christina M. Robinson, Sally Duston Whitlock, Dean Whitlock, Ben Bradley, Nicolette Corrao, Barbara J. DeFelice, Christopher G. Levey, Ehrhard Frost, Brenda Courtemanche, Robert J. Pulaski, Cyrus Severance, Linda Matteson, James W. Masland, Roberta Traub, Robert Milanese, Fran Peront, and Richard R. Hodge. It appears that Frank J. Barrett, Jr., Mary Daly, and Carol Penland are voters or landowners in the neighboring Vermont towns of Fairlee or Ely, and that Adair Mulligan is resident of the New Hampshire town of Lyme, across the Connecticut River. This decision does not address whether the cross-reference to an adjoining municipality (§ 4465(b)(2)) in §

7

the zoning "permit, if granted, will not be in accord with the policies, purposes, or terms of Thetford's Town Plan or zoning and flood hazard area bylaws." All of the petitioners designated Stuart Blood as their representative, also as required by § 4465(b)(4).

Six of the original § 4465(b)(4) parties have also asserted party status as appellants under 24 V.S.A. § 4465(b)(3): Frank J. Barrett, Jr., Mary Daly, Roberta Traub, Robert Milanese, Fran Peront, and Richard R. Hodge. These individuals are the subject of Applicant's motion to dismiss them as parties. First, the provisions of § 4465(b)(4) requiring a petition to have been filed at the DRB and requiring the group to designate a spokesperson are inapplicable to § 4465(b)(3) party status. Therefore these six individuals' "petition," and their designation of Mary Daly as their spokesperson, have no force and effect. Each individual's claim of § 4465(b)(3) party status must be evaluated separately.

Other than in answers to Applicant's interrogatories, provided as attachments to Applicant's motion, none of these six individuals has provided the Court with a statement of the asserted "physical or environmental impact on the person's interest under the criteria reviewed." The interrogatory answers do appear to reflect that each of these six individuals has an interest that could potentially be affected by the adequacy of the septic system design or location, but do not on their face assert an interest in whether the zoning permit is consistent with the unappealed 2006 ZBA Conditional Use Approval Decision.

Moreover, it is not clear to the Court whether any of these six individuals wishes to continue to claim § 4465(b)(3) party status or whether that choice makes any practical difference to Appellants in this appeal, as none of the individuals asserts any different issues on appeal from those raised by the § 4465(b)(4) group. Accordingly, on or before July 31, 2008, each of the § 4465(b)(3) party status claimants shall file with the Court a brief

---

4465(b)(4) encompasses the potential standing of out-of-town or out-of-state individuals as members of a § 4465(b)(4) group.

statement asserting that person's asserted "physical or environmental impact on the person's interest <u>under the criteria reviewed</u>." (Emphasis added.) The "criteria reviewed" are those found in the Statement of Questions, that is, whether the zoning permit on appeal is consistent with the 2006 ZBA Conditional Use Approval Decision, with respect to Conditions 14(i), (j), and (k), and not whether the unappealed 2006 ZBA Conditional Use Approval Decision or the unappealed 2007 ANR Waste Disposal Permit approved an appropriate design or location for the proposed septic system.

If any of the § 4465(b)(3) party status claimants presents an interest to the Court meeting the requirements of § 4465(b)(3), the Court will then proceed to address whether that individual has also met the participation requirements of § 4471(a). Any of the § 4465(b)(3) party status claimants who is ruled not to have individual party status will revert to membership in the § 4465(b)(4) group.


Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Applicant's Motion to Dismiss the Statement of Questions is DENIED; the parties should be prepared to discuss at the telephone conference whether they wish to file any further documents on summary judgment and/or whether the scheduled hearing is necessary to resolve the remaining factual issue or issues in this case.

The Court's ruling on Applicant's Motion to Dismiss six appellants claiming party status under 24 V.S.A. § 4465(b)(3) is postponed until that conference.


Done at Berlin, Vermont, this 24th day of July, 2008.


_____
Merideth Wright
Environmental Judge